IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JOSE ELIAS SEPULVEDA,

    Plaintiff,
v.                                            CASE NO. 1:19-cv-183-AW-GRJ

CALEB SEPULVEDA, SR.,
et al.,

    Defendants.
_____/

## ORDER AND
## REPORT AND RECOMMENDATION

Plaintiff Jose Elias Sepulveda, a federal inmate confined at FCI Coleman, initiated this case by filing a Complaint, ECF No. 1. Plaintiff failed to use this Court's form for *pro se* inmate complaints and failed to either pay the filing fee or move for leave to proceed as a pauper. The Court ordered Plaintiff to correct these deficiencies on or before October 24, 2019. ECF No. 3. Plaintiff subsequently paid the filing fee in full. ECF No. 4. Plaintiff also filed a motion seeking clarification of the Court's order to file an amended complaint on the Court's form, arguing that because he is not filing a prisoner civil rights case he does not need to use the Court's standard prisoner civil rights complaint form. ECF No. 5. Because the Court has determined that amendment of the Complaint would be futile,

Plaintiff's motion is due to be granted to the extent that the order to amend will be withdrawn.  For the following reasons, it is respectfully recommended that the Complaint be dismissed as frivolous.

Plaintiff concedes that he is serving a life sentence in the custody of the Bureau of Prisons pursuant to a judgment of conviction entered in *United States v. Sepulveda,* Case No. 1:88-cr-1026-MW-GRJ-6, ECF No. 3022 (N.D. Fla. Feb. 9, 1999).  Plaintiff was convicted of conspiracy to import and conspiracy to possess with intent to distribute marijuana, hashish oil, and cocaine between 1976 and 1993.  Plaintiff's conviction was affirmed on appeal, and his efforts to secure postconviction relief have been unsuccessful.  *See Sepulveda*, Case No. 1:88-cr-1026-MW-GRJ-6, ECF Nos. 3321, 3514, 3554.

The instant Complaint stems from Plaintiff's criminal conviction and sentence.  Plaintiff sues his father, Caleb Sepulveda Sr., for monetary damages because, according to Plaintiff, Sepulveda Sr. "admits that he used Plaintiff for his numbers racket and his marijuana enterprise, a case that was tried in this Court and which Plaintiff is serving a life sentence for." Plaintiff claims that Defendant "admits in his Sworn Affidavit . . . that Plaintiff has served and is serving [Sepulveda Sr.'s] prison time[.]" Plaintiff alleges that Sepulveda Sr. used "manipulation, brainwashing, and

intimidation" to bring Plaintiff into his criminal enterprises beginning when Plaintiff was a young child.  Plaintiff contends that Sepulveda Sr. admits he is responsible for Plaintiff's pain and suffering, and that Plaintiff's life sentence is a direct result of his father's "negligence, misguidance, and use of Plaintiff as a shield from prosecution and for Defendant's monetary gains."  In support of his claims, Plaintiff submits copies of affidavits purportedly executed by Sepulveda Sr. in 1998, 2011, and 2017, which document Plaintiff's difficulties when he was younger and his role in Sepulveda Sr.'s criminal activities, as well as affidavits from Plaintiff's mother and ex-wife.  Some of these affidavits appear to have been made in support of an earlier clemency petition.  *See* ECF Nos. 1-1 through 1-8.

Plaintiff also sues Sepulveda Sr.'s wife, Miosoti Sepulveda, and son, Caleb Sepulveda III, asserting that those Defendants are the executors of Sepulveda Sr.'s will and would be responsible for paying any damages award from Sepulveda Sr.'s estate.[1]

Plaintiff alleges that subject matter jurisdiction is based on diversity of citizenship because he was a citizen of Puerto Rico prior to his arrest and conviction, and Defendants are citizens of the State of Florida.  For relief,

---

[1] Plaintiff alleges that Sepulveda Sr. is incompetent.

Plaintiff seeks $10,000,000 in compensatory and $20,000,000 in punitive damages.  ECF No. 1.

Although Plaintiff is incarcerated in Florida, there is authority for the proposition that a "prisoner does not acquire a new domicile in the place of his imprisonment but retains the domicile he had prior to incarceration." *Polakoff v. Henderson*, 370 F. Supp. 690, 693 (N.D. Ga. 1973) (citation omitted).  The Court therefore accepts Plaintiff's assertion regarding diversity jurisdiction for the limited purpose of dismissing this case as frivolous.

Since Plaintiff has paid the full filing fee, and the named Defendants are not governmental entities, his Complaint is not subject to the screening provisions of the *in forma pauperis* statute or the Prison Litigation Reform Act, 28 U.S.C. §§ 1915(d)(2) and 1915A.  *See Lawson v. Secretary, Dept. of Corr.*, 454 Fed.Appx. 706, 2011 WL 4840955 **2 (11th Cir. 2011) (unpublished).  Nevertheless, "a district court has the inherent power to dismiss an action that is 'so patently lacking in merit as to be frivolous.'" *Guthrie v. U.S. Gov't*, 618 F. App'x 612, 617 (11th Cir. 2015) (*quoting Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico, Inc.*, 695 F.2d 524, 526 & n.3 (11th Cir.1983)); *see also Davis v. Kvalheim*, 261 F. App'x 231, 234 (11th Cir. 2008) (affirming district courts' inherent authority to

dismiss frivolous claims *sua sponte*). "A claim is frivolous if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (*citing Battle v. Central State Hosp.*, 898 F.2d 126, 129 (11th Cir. 1990)).  The Court must liberally construe a *pro se* Plaintiff's allegations.  *Haines v. Kerner*, 404 U.S. 519 (1972); *see also Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).  However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action."  *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998) (*overruled on other grounds* by *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009))*.*

Here, Plaintiff has wholly failed to allege facts showing that his claims have any arguable merit in law or fact. Liberally construed, Plaintiff claims that his father's "negligence" or bad parenting led Plaintiff into a life of crime and, ultimately, life in prison.  The Court has identified no authority holding that negligent parenting could give rise to a claim for tort damages under these circumstances.  Moreover, Plaintiff's judgment of conviction in his underlying criminal case was entered 20 years ago, and any cognizable tort claim stemming from that conviction would be barred by Florida's four-year statute of limitations for actions founded on negligence.  *See* Fla. Stat. § 95.11(3).  To the extent that what Plaintiff actually seeks is relief from his

underlying conviction, such relief must be pursued by way of a petition for a writ of habeas corpus and not a civil suit for monetary damages. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release . . . his sole federal remedy is a writ of habeas corpus.").

It also is apparent that Plaintiff cannot cure the deficiencies in his Complaint by amendment. Although courts "should freely give leave [to amend a pleading] when justice so requires," Fed R. Civ. P. 15(a)(2), an action may be dismissed in full "if a more carefully drafted complaint could not state a claim." *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1213 (11th Cir. 2001) (quoting *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991)). A more carefully drafted complaint in this case would still not allege a recognized cause of action against any of the named Defendants.

Accordingly, it is **ORDERED** that Plaintiff's motion for clarification, ECF No. 5, is **GRANTED** to the extent that the order to file an amended complaint on the Court's form, ECF No. 3, is **WITHDRAWN**.

It is respectfully **RECOMMENDED** that this case should be dismissed

*sua sponte* as frivolous..

**IN CHAMBERS** this 9th day of October 2019.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.